STATE of North Dakota, Plaintiff and Appellee,

v.

Terry Lee ALLRED, Sr., Defendant and Appellant.

Crim. No. 588.

Supreme Court of North Dakota.

May 26, 1977.

LeRoy P. Anseth, State's Atty., Williston, for plaintiff and appellee; submitted on brief by Gerald Rustad, Asst. State's Atty.

Terry Lee Allred, Sr., pro se; cause argued by Mr. Allred.

ERICKSTAD, Chief Justice.

The defendant Terry Lee Allred, Sr. was charged in a criminal information on May 24, 1976, with having committed on May 19, 1976, in Williams County in the City of Williston the offense of gross sexual imposition in violation of Section 12.1–20–03, N.D. C.C.

With the advice of counsel, Allred entered a plea of guilty and was sentenced on June 30, 1976, by the district court of Williams County to be committed to the custody of the warden of the State penitentiary for a term of three years commencing at 12:00 noon on May 21, 1976. No fine was assessed, but costs were assessed in the sum of $908.65.

Allred seeks without the aid of legal counsel, having terminated the assistance of court appointed counsel, a review of the sentence through application for postconviction relief. His application for such relief was denied in the district court and he now appeals to our court.

In his brief prepared with prisoner assistance, Allred asserts that he has been sentenced to pay a "fine of costs" imposed and that the issue is whether or not he, as an indigent prisoner, may be confined beyond his three-year-term (when that term is finally served) on the nonpayment of the costs.

A breakdown of the costs follows:

\* \* \* \* \* \*

"2. Travel expenses incurred in behalf of the Defendant following his arrest ...................... $ 106.40

"3. Food, clothing, medical, and incidental expenses incurred in behalf of the Defendant while in custody    206.00

"4. Preparation of transcript of proceedings by Court Reporter ....    100.00

\* \* \* \* \* \*

"6. Attorney's fees and expenses incurred by court-appointed counsel in behalf of Defendant ..........    496.25

\* \* \* \* \* \*

"TOTAL COSTS ASSESSED ... $ 908.65"

█ The State in its brief asserts that no fine was imposed in this case and that although costs were assessed as there is no statutory authority for the imposition of additional imprisonment for the nonpayment of costs, there being such a statute for the nonpayment of a fine only,[1] that the nonpayment of costs could not result in additional imprisonment. We agree.

The amendment of Section 29–26–21, N.D.C.C., by S.L.1975, Chapter 106, Section 334, clearly supports this view.

This conclusion will not prevent the costs from becoming a lien on any real property owned by Allred pursuant to Section 29–26–22, N.D.C.C.

Having so concluded it would appear that Allred's fear of being imprisoned additionally for the nonpayment of costs is unfounded.

What we say here, however, should not deter him from seeking timely relief in the district court upon his release from prison from those provisions of the divorce decree which he deems impossible of compliance pending his securement of employment.

█ His contention that he has been deprived of equal protection of the laws guaranteed by Sections 11 and 20 of the North Dakota Constitution and the Fourteenth Amendment to the United States Constitution, because as a State prisoner he receives no credit against his costs for labor performed while in prison, whereas county prisoners receive a $10 credit per day for labor performed,[2] is without merit.

Allred argues that Section 12–44–33, N.D.C.C. is "underinclusive" because it does not give the same benefit to State prisoners that it gives to county prisoners, and apparently for that reason it is unconstitutional. He cites *Rinaldi v. Yeager*, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966). How finding that statute unconstitutional would help him we do not understand.

In *Rinaldi* the United States Supreme Court held that a State statute requiring an unsuccessful appellant to repay the cost of

---

1. "1. The court, in making a determination of the propriety of imposing a sentence to pay a fine, shall consider the following factors:
   a. The ability of the defendant to pay without undue hardship.
   b. Whether the defendant, other than a defendant organization, gained money or property as a result of commission.
   c. Whether the sentence to pay a fine will interfere with the defendant's capacity to make restitution.
   d. Whether a sentence to pay a fine will serve a valid rehabilitative purpose.
   "2. The court may allow the defendant to pay any fine imposed in installments. When a defendant is sentenced to pay a fine, the court shall not impose at the same time an alternative sentence to be served in the event that the fine is not paid.
   "3. If the defendant does not pay the fine, or make any required partial payment, the court, upon motion of the prosecuting attorney or on its own motion, may issue an order to show cause why the defendant should not be imprisoned for nonpayment. Unless the defendant shows that his default is excusable, the court may sentence him to the following periods of imprisonment for failure to pay a fine:
   a. If the defendant was convicted of a misdemeanor, to a period not to exceed thirty days.
   b. If the defendant was convicted of a felony, to a period not to exceed six months." Section 12.1–32–05, N.D.C.C.

2. "For each day of labor performed by a convict under the provisions of this chapter, there shall be credited on any judgment against him, for a fine, costs, or both, the sum of ten dollars." Section 12–44–33, N.D.C.C.

a transcript used in preparing his appeal, which applied only to one incarcerated but not to others, constituted invidious discrimination in violation of the equal protection clause of the Fourteenth Amendment.

*Rinaldi* is clearly and obviously distinguishable from the instant case upon its facts.

In *Rinaldi* the Court said:

"To be sure, the constitutional demand is not a demand that a statute necessarily apply equally to all persons. 'The Constitution does not require things which are different in fact . . . to be treated in law as though they were the same.' *Tigner v. Texas,* 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124. Hence, legislation may impose special burdens upon defined classes in order to achieve permissible ends. But the Equal Protection Clause does require that, in defining a class subject to legislation, the distinctions that are drawn have 'some relevance to the purpose for which the classification is made.' *Baxstrom v. Herold,* 383 U.S. 107, 111, 86 S.Ct. 760, 15 L.Ed.2d 620; *Carrington v. Rash,* 380 U.S. 89, 93, 85 S.Ct. 775, 778, 13 L.Ed.2d 675; *Louisville Gas Co. v. Coleman,* 277 U.S. 32, 37, 48 S.Ct. 423, 425, 72 L.Ed. 770; *Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989." *Id.* at 309, 86 S.Ct. at 1499.

As we have not been shown that the authority[3] upon which the court acted is discriminatory, nor that the court discriminated in the manner in which it carried out its authority to impose costs, we conceive of no basis for comparison of *Rinaldi* with the instant case.

■ In any case, it should be noted that the statute may be constitutional even though it results in State prisoners being treated differently from county prisoners. As we have said on numerous occasions, discrimination in itself does not constitute a violation of equal protection. It is only invidious discrimination which constitutes such a violation. *See Snyder's Drug St., Inc. v. North Dakota St. Bd. of Ph.,* 219 N.W.2d 140, Syl. 6, 7, and 8 (N.D.1974).

For the reasons stated in this opinion, the order of the trial court denying post-conviction relief is affirmed.

PAULSON, VOGEL, PEDERSON and SAND, JJ., concur.

---

3. "Lawyers appointed to represent needy persons shall be compensated at a reasonable rate to be determined by the court. Expenses necessary for the adequate defense of a needy person, when approved by the judge, shall be paid by the county wherein the alleged offense took place. A defendant with appointed counsel shall pay to the county such sums as the court shall direct. The state's attorney shall seek recovery of any such sums any time he determines the person for whom counsel was appointed may have funds to repay the county within six years of the date such amount was paid on his behalf." Section 29–07–01.1, N.D. C.C. *See* Section 29–26–22, N.D.C.C.