**STATE of North Dakota, Plaintiff and Appellee,**

v.

**James P. FLOHR, Sr., Defendant and Appellant.**

Crim. No. 732–A.

Supreme Court of North Dakota.

Oct. 5, 1981.

James M. Vukelic, State's Atty., Mott, for plaintiff and appellee.

Greenwood, Greenwood & Greenwood, Dickinson, for defendant and appellant; argued by Diane Melbye, Dickinson.

---

1. The matter was previously before us. *State v. Flohr*, 301 N.W.2d 367 (N.D.1981).

PEDERSON, Justice.

James P. Flohr, Sr., was convicted of delivery of an alcoholic beverage to a minor, (§ 5–01–09, NDCC).[1] We affirm.

The case was tried to a jury in the Stark County Court With Increased Jurisdiction. Flohr seeks a new trial for the reasons that: (1) he was prejudiced by the calculated misconduct of the prosecutor; (2) there was insufficient evidence upon which reasonable men could base a verdict of guilty beyond a reasonable doubt; and (3) he was fined excessively in violation of Article I, Section 11, of the North Dakota Constitution.

Testimony was received which shows that on October 13, 1978, Melvin Raab, age 20, entered Cap's Liquor Store in Dickinson and purchased two pints of vodka from Flohr.

Flohr contends that he was prejudiced by three instances of "calculated misconduct" by the prosecution, the first during voir dire, the second during direct examination of the State's key witness, Melvin Raab, and the third during closing arguments.

During voir dire, in examining a prospective juror, the prosecutor stated:

> "If it came to a—it was his word against somebody else's, that the Defendant never has to take the stand, and I'm not saying that he should or should not take the stand—."

Flohr objected to the remark and the court sustained the objection and instructed the jury to disregard it.

It is a fundamental principle of constitutional law that the prosecutor may not comment on defendant's failure to testify in a criminal case. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). In this case, the statement could not have been made for the purpose of drawing the jury's attention to the fact that the defendant had not taken the stand, because the trial had not yet started. The statement did not pre-empt Flohr's right not to testify nor did it imply any criticism of Flohr, should he not testify. Although remarks of this kind by prosecutors are not

to be praised, under the circumstances in this case, it was not reversible error in view of the corrective action taken by the trial court.

■ Ordinarily, the scope of opening statement rests largely in the sound discretion of the trial court and a reviewing court will not reverse the conviction on the ground that the opening statement was prejudicial unless there was a clear abuse of that discretion. *State v. Marmon,* 154 N.W.2d 55 (N.D.1967).

■ At a pretrial conference, the court, at the urging of Flohr, ruled that any reference to Flohr's prior convictions would be improper. The propriety of that ruling is not before us. The second incident of alleged prosecutor misconduct arose during the prosecutor's examination of Melvin Raab relating to his identification of Flohr as the person who sold Raab the vodka.

"Q. Had you ever seen Jim Flohr, Sr. before October 13th 1978?

"A. Yes, I did.

"Q. Where had you seen him before?

"A. Well, I seen him around before and I bought alcohol there before."

The defense objected to the answers as being unresponsive, and the court struck the part about buying alcohol on other occasions and ordered the jury to disregard the answer. The questioning then continued:

"Q. Could you tell me the specific place where you saw Jim Flohr, Sr. prior to October 13, 1978?

"A. At Cap's Liquor.

"Q. Thank you."

The State points out that it was necessary to identify Flohr as the one who sold Raab the liquor. We discern no prosecutor misconduct in this line of questioning. But for the pretrial ruling, evidence of other crimes, wrongs, or acts might have been admissible for various purposes. See, Rule 404(b), NDREv.

■ The third incident of alleged prosecutor misconduct arose from a statement made in closing argument. The statement was in reference to conflicting testimony of the witnesses.

"Two were obviously telling the truth and two were obviously lying."

Flohr objected, claiming that the statement exceeded the permissible bounds of argument. The court, however, gave no cautioning instructions. Ordinarily, it is proper for attorneys, including those who represent the State in a criminal case, to comment on the credibility of a witness. It has been held that an attorney may argue a case vigorously, and that includes contending that a witness is lying. *People v. Caldwell,* 78 Mich.App. 690, 261 N.W.2d 1 (1977). The vigor with which a case is argued to a jury should be under the control of the trial court and, although we by no means countenance an attorney calling a witness a "liar," *Fox v. Bellon,* 136 N.W.2d 134 (N.D.1965), we do not conclude that the use of the word, per se, requires reversal.

The closing argument should be read as a whole and, in order to warrant granting a new trial, it must appear that the defendant was prejudiced thereby. No such showing has been made in his instance.

■ Flohr contends, additionally, that the evidence is insufficient to support the verdict. Since the jury must weigh the evidence and determine the credibility of the witnesses in determining guilt or innocence, we will reverse the decision only if the record presents no substantial evidence to support the verdict. *State v. Allen,* 237 N.W.2d 154 (N.D.1975). The evidence must be viewed in the light most favorable to the verdict. *State v. Chyle,* 297 N.W.2d 409 (N.D.1980). The rules applicable to our review recognize that "the truth can better be determined in the confrontation of the testimony of witnesses appearing in person than from a transcript of the testimony of those witnesses." *State v. Olmstead,* 246 N.W.2d 888, 890 (N.D.1976). Substantial competent evidence in support of the verdict is present. The judgment of conviction, accordingly, cannot be reversed on that ground.

■ Finally, Flohr argues that he was fined excessively, contrary to the provisions

of Article I, Section 11, Constitution of North Dakota. He cites no supporting authority. He was convicted of a class A misdemeanor, for which the maximum penalty is one year's imprisonment, a fine of $1,000.00, or both (Section 12.1–32–01(4), NDCC). Flohr was sentenced to serve 30 days in the county jail, pay a fine of $1,000.00 and, also, to pay $158.40 in costs. The costs were incurred for payment of witness fees and mileage pursuant to § 31–01–16, NDCC. Authority for this sentence is clearly set forth in § 12.1–32–02(1), NDCC, and does not violate the prohibition against excessive fines of Article I, Section 11, of the North Dakota Constitution. See *State v. Allred*, 254 N.W.2d 701 (N.D.1977).

The judgment of conviction is affirmed.

ERICKSTAD, C. J., and VANDE WALLE, SAND and PAULSON, JJ., concur.