STATE of North Dakota, Plaintiff
and Appellee,

v.

Duane Louis HIS CHASE, Defendant
and Appellant.

Crim. No. 940262.

Supreme Court of North Dakota.

May 6, 1995.

Benjamin C. Pulkrabek, Mandan, for defendant and appellant.

Patricia L. Burke, State's Atty., Bismarck, for plaintiff and appellee.

SANDSTROM, Justice.

A jury found Duane Louis His Chase guilty of manslaughter, a class B felony. His Chase appeals from the judgment of conviction contending the State lacks jurisdiction over the site of the crime, the prosecutor improperly commented on His Chase's right not to testify, the trial court failed to admonish the jury not to talk about the case prior to deliberation, and the trial court failed to give a requested jury instruction. We affirm.

## I

On July 14, 1993, Burleigh County law enforcement officers investigated a shooting at the United Tribes Technical College, located south of Bismarck. Officers found Elizabeth Beauchamp dead from a gunshot wound to her head. Duane His Chase, a security guard at United Tribes Technical College, owned the gun that fired the shot. Officers questioned His Chase at the scene. His Chase later gave an incriminating written statement. His Chase was charged with murder, a class AA felony.

At trial, His Chase argued the shooting was accidental. The jury returned a verdict of guilty on the lesser-included offense of manslaughter.[1] The trial court entered a judgment of conviction, sentencing His Chase to ten years in the North Dakota State Penitentiary. His Chase appeals the manslaughter conviction.

This Court has probable jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 29-28-06(2). The appeal was timely under Rule 4(b)(1), N.D.R.App.P.

## II

His Chase argues the State cannot prosecute him for a crime committed at the United Tribes Technical College, formerly known as United Tribes Employment Training Center. He contends North Dakota lacks jurisdiction over United Tribes because the State ceded jurisdiction to the United States. His Chase points to N.D.C.C. § 54-01-09, which provides exclusive jurisdiction over certain tracts of land added to Fort Lincoln by Executive Order are ceded to the United States. His Chase argues this statute was never repealed, therefore, North Dakota lacks jurisdiction.

United Tribes is located on land originally part of the Fort Lincoln military reservation. The United States purchased the land for military purposes after North Dakota consented in 1895. N.D.C.C. § 54-01-07 (repealed 1981); *see United States v. Goings*, 504 F.2d 809, 811 (8th Cir.1974). Under Art. 1, § 8, Cl. 17, U.S. Const., the United States obtains exclusive jurisdiction over lands purchased for military purposes with state consent. The United States obtained exclusive jurisdiction for Fort Lincoln upon purchasing the land. *Goings*.

In May 1973, the United States deeded a portion of Fort Lincoln to United Tribes of North Dakota Development Corporation, a private, nonprofit North Dakota corporation. *See United States v. Goings*, 372 F.Supp. 811 (D.N.D.1974), *aff'd*, 504 F.2d 809 (8th Cir. 1974). The deed describes the area of land granted to United Tribes and lists certain conditions placed on the transfer. *Goings*, 372 F.Supp. at 813-18. The United States' jurisdiction over lands acquired under Clause 17 of the Constitution ends with the reason for the existence of the power and the sale of the property. *Goings*, 504 F.2d at 811. The Court of Appeals held the United States divested itself of jurisdiction by deeding the land to United Tribes. *Goings*, 504 F.2d at 812. Jurisdiction over the land reverted to North Dakota because the United States no longer had jurisdiction. *Goings; see also La Duke v. Melin*, 45 N.D. 349, 177 N.W. 673 (1920) (jurisdiction over Fort Totten military reservation land reverted to State upon abandonment by United States).

---

1. In addition to not guilty, the jury was given the choice of guilty of murder, manslaughter, or negligent homicide.

His Chase's reliance on N.D.C.C. § 54–01–09 is misplaced. The land described in the deed to United Tribes is not the land described in N.D.C.C. § 54–01–09. That statute does not conflict with *Goings*, which recognizes the United States no longer has jurisdiction over United Tribes land and jurisdiction must revert to the State. The State of North Dakota and state courts have jurisdiction over United Tribes.

### III

■ His Chase argues the prosecutor improperly commented on a criminal defendant's right not to testify. During opening statement, the prosecutor said:

"I don't know what's going to come out here as far as the defense goes, and I will say that the defendant does not have to put on a defense. He doesn't have to testify and you are not to consider that against him in any way. I don't know what, if anything, is going to be a defense here, but if it can be adequately explained to you, either through the defendant or through cross-examination of witnesses, how a person can hold a gun away—six inches to a foot away from somebody else's head and shoot it . . . ."

His Chase objected to the remarks and moved to dismiss. The trial court overruled the objection and denied the motion to dismiss. After explaining its reasons, the court said, "Request denied, and in any event, if there was a request, it would be—I would have to grant a mistrial rather than a dismissal." His Chase's counsel responded, "Okay. That's fair enough." But he did not move for a mistrial. His Chase testified at trial and did not claim to have been compelled to testify because of the prosecutor's statement.

■ A fundamental principle of constitutional law is the prosecutor may not comment on a defendant's failure to testify in a criminal case. *State v. Flohr*, 310 N.W.2d 735, 736 (N.D.1981). This right emanates from the criminal defendant's privilege against self-incrimination. U.S. Const.Amend. V; Art. I, § 12, N.D. Const.; N.D.C.C. § 29–21–11.

■ The prosecutor does not comment on the defendant's failure to testify if the statement is made before the defendant has an opportunity to testify. *Flohr*. The prosecutor in this case made the comment during opening statement, before His Chase could take the stand. The prosecutor could not be commenting on His Chase's failure to testify.

■ His Chase does not allege he was forced to testify against himself. A criminal defendant electing to testify after a prosecutor's statement much like this one, without alleging he was "challenged" by the prosecutor to take the stand, is not testifying against himself in violation of the privilege against self-incrimination. *Routly v. Singletary*, 33 F.3d 1279, 1290 (11th Cir.1994). His Chase chose to testify and does not argue he was waiving his right in response to the prosecutor's statement.

■ If the prosecutor's statements had been improper, the remedy was mistrial, not dismissal. *See State v. Nordquist*, 309 N.W.2d 109, 119 (N.D.1981). Here, no mistrial was requested.

The prosecutor did not comment on His Chase's failure to testify. His Chase freely elected to testify on his own behalf, the privilege against self-incrimination was not violated. The trial court did not abuse its discretion by denying the motion.

### IV

His Chase argues that, just after the jury was sworn, the trial court failed to admonish the jury before holding a discussion with the attorneys in chambers. His Chase relies on N.D.C.C. § 29–21–28:

"*Court must admonish jury.* The jurors also, at each adjournment of the court, whether permitted to separate or required to be kept in charge of officers, must be admonished by the court that it is their duty not to converse among themselves nor with anyone else on any subject connected with the trial, nor to form or express any opinion thereon, until the case is finally submitted to them."

His Chase refers us to the trial transcript at pp. 64–65 for proof of the alleged error.

The transcript reflects the trial judge admonished the jury just before the discussion:

"And you've heard nothing, obviously, about the case; that is the facts of the case which will be presented here in the courtroom, and you should not and, of course, could not form or express an opinion on this case and you should not and will not until it is finally submitted to you at the conclusion of all the testimony in this case."

No one objected to the sufficiency of the admonition. No prejudice is claimed. The trial court committed no reversible error. *See State v. Julson,* 202 N.W.2d 145, 155–56 (N.D.1972); *State v. Olson,* 274 N.W.2d 190, 191 (N.D.1978).

## V

His Chase argues the trial court abused its discretion by denying a requested jury instruction. His Chase requested N.D.J.I. No. 2102, Number of Witnesses:

"The weight of the evidence is not determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses, if any, are worthy of belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side."

The trial court instructed the jury under N.D.J.I. No. 2101, Weight and Credibility, which contains similar language:

"You are the judges of all questions of fact in this case. You alone must weigh the evidence under these instructions and determine the credibility (believability) of those who have testified. As to these matters the Court expresses no opinion.

"In performing this task, you may consider those facts and circumstances in the case which tend to strengthen, weaken, or contradict one's testimony. You may consider the age, intelligence and experience of the witness, the strength or weakness of his recollection, how he came to know the facts to which he testified, his possible interest in the outcome of the trial, any

bias or prejudice he may have, his manner and appearance, whether he was frank or evasive while testifying, and whether his testimony is reasonable or unreasonable.

"If you find a conflict in the evidence, you should reconcile it, if you can. If you cannot do so, you have the right to determine whom of the witnesses you will believe, in whole or in part.

"You should give to all credible testimony its just and fair weight. You should consider the evidence in this case in the light of your common sense and your ordinary experience and observation of human affairs."

We review jury instructions as a whole and consider whether they correctly and adequately advised the jury of the law. *State v. Azure,* 525 N.W.2d 654, 658 (N.D. 1994). His Chase's request for N.D.J.I. No. 2102 does not ordain its use by the trial court. *Azure.* Pattern jury instructions are not mandatory and trial courts are not required to use them. *Azure.*

The jury instruction given by the trial court adequately conveyed the law. Instruction No. 2101 instructs the jury to judge each witness's credibility and assign weight to each individual's testimony. The instruction emphasizes individual testimony and prevents a jury from basing its decision on the number of witnesses testifying for each side. The failure to instruct the jury on the number of witnesses is not grounds for reversal.

## VI

The judgment of conviction is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.