2009 ND 8

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Cornell Xavier SCUTCHINGS, Defendant and Appellant.**

No. 20080125.

Supreme Court of North Dakota.

Feb. 3, 2009.

Christopher S. Pieske (argued), third-year law student and Meredith Huseby Larson (appeared), Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Gretchen Marie Handy, Grand Forks, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1]  Cornell Xavier Scutchings appealed from a criminal judgment entered on a jury verdict finding him guilty of class C felony corruption or solicitation of a minor. We conclude the prosecuting attorney's improper comment on Scutchings's failure to testify made during closing arguments constitutes reversible error. We reverse and remand for a new trial.

I

[¶ 2]  In June 2007, Scutchings was charged with corruption or solicitation of a minor under N.D.C.C. § 12.1–20–05. The charge arose from a series of incidents in Grand Forks during the evening of March 31, 2007, and the morning of April 1, 2007, in which Scutchings allegedly solicited his 12–year–old niece, C.M., with the intent to engage in a sexual act with her. Scutchings was temporarily living with his brother, T.C., and T.C.'s wife. C.M. was spending the night with T.C. and his wife, who are her uncle and aunt. T.C., some friends, and Scutchings watched a basketball game that evening while C.M. and her 9–year–old cousin, J.C., were in the basement watching television. According to C.M., Scutchings came downstairs periodically and made inappropriate comments to her when others were out of hearing distance. C.M. also claimed she was alone with Scutchings on two occasions when Scutchings made inappropriate advances toward her.

[¶ 3]  At trial, the State presented the testimony of Michael Iwan, a detective from the Grand Forks Police Department, C.M., J.C., and T.C. Iwan testified about his interview of C.M. after she reported the incident. C.M. testified about Scutchings's actions. J.C. and T.C. testified about their observations of Scutchings and C.M. during the evening and early morning hours the crime was alleged to have occurred. None of the State's witnesses, other than C.M., observed the actions which formed the basis for the criminal charge. Scutchings's attorney cross-examined the State's witnesses. Scutchings did not testify and rested without presenting any evidence in his defense.

[¶ 4]  The district court instructed the jury as follows:

> The Defendant has a constitutional right not to testify. You must not draw any inference of guilt from the Defendant's silence. The prosecutor cannot mention the Defendant's silence, and you must not discuss or consider it.

[¶ 5]  During closing arguments, the prosecutor told the jury:

> The witnesses that you heard from yesterday are the State's witnesses. The Defendant has no constitutional burden to testify. The only thing you can consider are the State's witnesses and any cross-examination by the defense counsel. What do you have to refute C.M.'s testimony? Nothing. There's no reasonable doubt in this case.

[¶ 6] Scutchings's attorney moved for a mistrial, arguing in part that the prosecutor improperly referred to Scutchings's failure to testify. The district court denied the motion:

I don't believe that the State went over the line in pointing out the Defendant didn't testify. The State can consider the, or the jurors, the jurors can consider, the State can argue that the jurors can only consider the evidence which is presented, presented to them and that's what the jury instructions say.

[¶ 7] The jury returned a verdict of guilty and the district court sentenced Scutchings to serve 5 years with the Department of Corrections with 3 years of the sentence suspended.

## II

[¶ 8] The dispositive issue on appeal is whether the State during closing arguments committed reversible error by improperly commenting on Scutchings's failure to testify.

[¶ 9] A defendant, upon request, is entitled to an instruction that the jury may not draw any inferences from the defendant's failure to testify. *Carter v. Kentucky*, 450 U.S. 288, 305, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981). As a corollary, "[i]t is a fundamental principle of constitutional law that a prosecutor may not comment on a defendant's failure to testify in a criminal case." *State v. Myers*, 2006 ND 242, ¶ 7, 724 N.W.2d 168; *see also Griffin v. California*, 380 U.S. 609, 614, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *State v. His Chase*, 531 N.W.2d 271, 273 (N.D.1995); *State v. Flohr*, 310 N.W.2d 735, 736 (N.D.1981). Under the *Griffin* rule, a "comment to the jury by a prosecutor in a State criminal trial upon the defendant's failure to testify as to matters which he can reasonably be expected to deny or explain, because of facts within his knowl-edge, violates the self-incrimination clause of the Fifth Amendment to the Federal Constitution." *State v. Marmon*, 154 N.W.2d 55, 59 (N.D.1967); *see also State v. Ebach*, 1999 ND 5, ¶ 15, 589 N.W.2d 566 ("A comment on the silence of a defendant is an improper comment on the right to remain silent in violation of the Fifth and Fourteenth Amendments of the Constitution"). The *Griffin* rule applies to indirect as well as direct comments on a defendant's failure to take the witness stand. *See, e.g., Hovey v. Ayers*, 458 F.3d 892, 912 (9th Cir.2006); *United States v. Gardner*, 396 F.3d 987, 989 (8th Cir.2005); *United States v. Moore*, 917 F.2d 215, 224 (6th Cir.1990). We review de novo a claim of a constitutional rights violation. *Myers*, at ¶ 7.

[¶ 10] In *State v. Nordquist*, 309 N.W.2d 109, 119 (N.D.1981) (quoting *United States v. Whitehead*, 618 F.2d 523, 527 (4th Cir.1980)), this Court adopted the following test to use in determining whether a particular comment is an impermissible encroachment upon a defendant's right against self-incrimination: " 'Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify[?]' " We consider the comments "in the context in which they were made." *State v. Skjonsby*, 319 N.W.2d 764, 787 (N.D.1982).

[¶ 11] Generally, "[a] statement that certain evidence is uncontroverted or unrefuted or uncontradicted does not constitute a comment on the accused's failure to testify where the record indicates that persons other than the accused could have offered contradictory testimony." *Pollard v. State*, 552 S.W.2d 475, 477 (Tex.Ct.Crim. App.1977); *see also State v. Blackman*, 201 Ariz. 527, 38 P.3d 1192, 1210 (Ct.App.2002)

("The State may comment that facts in the case are uncontradicted unless the defendant is or appears to be 'the only one who could explain or contradict the evidence offered by the state.' ") (internal citation omitted). However, it is well established that a prosecutor's comment that the government's evidence is uncontradicted or unrebutted is improper and violates the *Griffin* rule if the only person who could have rebutted the evidence was the defendant testifying on his or her own behalf. *See, e.g., United States v. Snook*, 366 F.3d 439, 444 (7th Cir.2004); *United States v. Mietus*, 237 F.3d 866, 871 (7th Cir.2001); *Runnels v. Hess*, 653 F.2d 1359, 1363 (10th Cir.1981); *People v. Harrison*, 35 Cal.4th 208, 25 Cal.Rptr.3d 224, 106 P.3d 895, 927 (2005); Annot., *Comment or argument by court or counsel that prosecution evidence is uncontradicted as amounting to improper reference to accused's failure to testify*, 14 A.L.R.3d 723, § 4 (1967), and cases collected therein.

[¶ 12] The State contends the comments in this case did not improperly refer to Scutchings's failure to testify, but merely "emphasized the strength of the State's case against the Defendant." The State relies on *State v. Keyes*, 2000 ND 83, ¶¶ 10–11, 609 N.W.2d 428, in which this Court held a prosecutor's comments were not improper comments on the defendant's silence at trial. During closing arguments, the prosecutor in *Keyes*, at ¶ 8, told the jury there was no evidence that " 'refutes any of the [State's] testimony,' " and " '[n]obody said [a female informant] didn't' " call the defendant. The defendant argued "the references to the absence of testimony refuting the State's evidence were an indirect comment on his silence because he was the only person in a position to provide such testimony." *Id.* We concluded the first comment emphasized the strength of the State's case, in part, because the defendant had called three

witnesses in his defense and "the statement drew the jury's attention to the fact that the testimony of these witnesses had not diminished the strength of the State's proffered evidence." *Id.* at ¶ 10. We concluded the second comment did not reflect on the defendant's failure to testify, but "highlighted an inconsistency between the accounts offered by the State and the defense." *Id.* at ¶ 11.

[¶ 13] *Keyes* is distinguishable from this case. Although the defendant in *Keyes* did not testify, he presented witnesses in his defense who the jury could reasonably have believed were the subject of the prosecutor's comments. Here, Scutchings rested without testifying or presenting any evidence in his defense. There were no witnesses to the actual crime alleged in this case other than Scutchings and C.M. Scutchings is the only person who could have rebutted or contradicted C.M.'s testimony. Under these circumstances, we believe the State's comment during closing argument that, "What do you have to refute C.M.'s testimony? Nothing," would naturally and necessarily lead the jury to consider it a comment on Scutchings's failure to testify and contradict C.M.'s testimony. We conclude the State's comment was an improper comment on Scutchings's constitutional right to remain silent.

[¶ 14] When a prosecutor improperly comments on a defendant's right to remain silent, we apply the harmless error analysis:

Reviewing courts must ignore harmless errors, including most constitutional violations. [*State v. Janda*, 397 N.W.2d 59, 66 (N.D.1986).] A harmless error is "[a]ny error, defect, irregularity or variance that does not affect substantial rights" and "must be disregarded." N.D.R.Crim.P. 52(a). "[B]efore a feder-

al constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." [*State v. Schneider*, 270 N.W.2d 787, 792 (N.D.1978)] (citing *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). To determine the effect of the error on a defendant's constitutional rights we must consider the entire record and the probable effect of the actions alleged to be error in light of all the evidence. *Id.* The beneficiary of a constitutional error has the heavy burden of proving beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *Id.*

*State v. Rivet*, 2008 ND 145, ¶ 10, 752 N.W.2d 611. In the context of a *Griffin* rule violation, the Supreme Court has instructed that a reviewing court must ask, "absent the prosecutor's allusion to the failure of the defense to proffer evidence to rebut the testimony of the victims, is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?" *United States v. Hasting*, 461 U.S. 499, 510–11, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983).

[¶ 15] The State has not convinced us beyond a reasonable doubt that the prosecutor's improper comments on Scutchings's failure to testify did not contribute to the guilty verdict. The State's major witness was the young victim, C.M., who testified about Scutchings's actions when they were alone. The State stressed during closing arguments that C.M.'s credibility was the pivotal issue in the case. Scutchings chose to exercise his constitutional right to remain silent and did not testify at the trial. The prosecutor told the jury Scutchings had "no constitutional burden to testify," thereby drawing attention to Scutchings's invocation of this constitutional right. The pros-

ecutor's comments highlighted that there was "[n]othing" presented by the defense to "refute" C.M.'s testimony, when the only person capable of refuting her testimony was Scutchings. This argument turned "the silence of the accused into evidence against him," and indirectly suggested to the jury that Scutchings would have testified if he were not guilty. *Griffin*, 380 U.S. at 614, 85 S.Ct. 1229. We cannot say it is clear beyond a reasonable doubt that absent the prosecutor's improper comments the jury would have returned a verdict of guilty in this case. We conclude the error is not harmless, and we therefore must reverse the criminal judgment against Scutchings and remand for a new trial. *See Rivet*, 2008 ND 145, ¶ 15, 752 N.W.2d 611.

### III

[¶ 16] Scutchings also argues reversal is required because the district court allowed the jury to view a booking photograph of him and because the prosecutor engaged in misconduct during closing arguments by vouching for the credibility of C.M.'s testimony. Because these issues are not certain to arise on remand, we do not address them. *See, e.g., Jaste v. Gailfus*, 2004 ND 94, ¶ 18, 679 N.W.2d 257 ("We need not address issues not certain to arise on remand.").

### IV

[¶ 17] We reverse the criminal judgment and remand for a new trial.

[¶ 18] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.