IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2019 ND 283

State of North Dakota,                                    Plaintiff and Appellee

v.

Allan Pailing,                                         Defendant and Appellant

No. 20190086

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Christopher W. Nelson, Assistant State's Attorney, Minot, ND, for plaintiff and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant; submitted on brief.

# State v. Pailing

## No. 20190086

**Crothers, Justice.**

[¶1]   Allan Pailing appeals from a district court order denying his motion for mistrial and dismissal of charges. We affirm.

## I

[¶2]   Pailing was charged with unlawful possession of a controlled substance. During closing arguments he objected to an anecdotal story the State used, and argued the State impliedly commented on Pailing's failure to testify. The district court did not immediately rule on the objection and directed the parties to finish closing arguments. Pailing briefed the objection, which the district court ultimately overruled and denied Pailing's motion for mistrial and dismissal of charges.

[¶3]   Pailing argues the State's explanation of "circumstantial evidence" through a personal narrative indirectly and improperly commented on his silence and violated his due process rights. He alternatively argues the district court abused its discretion by permitting the State to address Pailing's credibility, absent his testimony, which prejudiced Pailing. Pailing argues the judgment should be vacated and remanded with instructions to dismiss the charges with prejudice.

[¶4]   The State argues Pailing waived his objection by not requesting a curative jury instruction, he did not argue obvious error, he was not

prejudiced by the anecdote, and the anecdote did not affect the outcome of trial.

## II

[¶5] The parties disagree on the standard of review. Pailing argues the correct standard of review is abuse of discretion. The State argues we should use the obvious error standard because Pailing failed to request a curative instruction. We conclude the correct standard of review to determine whether the facts rise to a level of a constitutional violation is de novo, and the proper standard of review for Pailing's alternative argument is abuse of discretion.

[¶6] "It is a fundamental principle of constitutional law that a prosecutor may not comment on a defendant's failure to testify in a criminal case." *State v. Myers*, 2006 ND 242, ¶ 7, 724 N.W.2d 168 (citing *State v. His Chase*, 531 N.W.2d 271, 273 (N.D. 1995)). "A comment on the silence of a defendant is an improper comment on the right to remain silent in violation of the Fifth and Fourteenth Amendments of the [United States] Constitution." *Id*. (citing *State v. Ebach*, 1999 ND 5, ¶ 15, 589 N.W.2d 566). We review de novo the claim that the facts shown in the record constitute a violation of Pailing's constitutional right to remain silent. *Id*. (citing *State v. Keyes*, 2000 ND 83, ¶ 9, 609 N.W.2d 428); *State v. Jasmann*, 2015 ND 101, ¶ 5, 862 N.W.2d 809.

[¶7] We have explained a district court's discretion in controlling closing arguments:

> "In controlling the scope of closing argument, the district court is vested with discretion, and absent a clear showing of an abuse of discretion, we will not reverse on grounds the prosecutor exceeded the scope of permissible closing argument. Unless the error is fundamental, a defendant must demonstrate a prosecutor's comments during closing argument were improper and prejudicial. In order to be prejudicial, the improper closing argument must have 'stepped beyond the bounds of any fair and reasonable criticism of the evidence, or any fair and reasonable argument based upon any theory of the case that has support in the evidence.'"

*Myers*, 724 N.W.2d at ¶ 8 (citing *State v. Schmidkunz*, 2006 ND 192, ¶ 7, 721 N.W.2d 387 (citations omitted)). Counsel's argument must be limited to the facts in evidence and the inferences that flow from those facts. *Id.* (citing *Ebach*, 589 N.W.2d at ¶ 10; *City of Williston v. Hegstad*, 1997 ND 56, ¶ 8, 562 N.W.2d 91). Further, because Pailing's objection was addressed in briefs submitted after the jury found him guilty, we also will consider the denied motion for mistrial.

> "A district court has broad discretion in ruling on a motion for a mistrial and will not be reversed on appeal unless the court clearly abused its discretion or a manifest injustice would occur. *State v. Rende*, 2018 ND 33, ¶ 5, 905 N.W.2d 909. An abuse of discretion may occur when the district court misinterprets or misapplies the law, or when the district court acts in an arbitrary, unreasonable, or capricious manner. *Id.* A mistrial is an extreme remedy which should be granted only when there is a fundamental defect or occurrence in the proceedings that makes it clear that further proceedings would be productive of manifest injustice. *Id.*"

*State v. Tyler*, 2019 ND 246, ¶ 5, 933, N.W.2d 918.

[¶8]  Here, in his opening statement the prosecutor told a story about his grandfather, stating:

> "MR. NELSON: About 20 years ago now when I was in college my grandpa came for a visit. He saw that I had been losing weight, so he asked me about it. And I told him the truth. And I said that with the rent, textbooks, and all that, that there were times that I [had] to skip meals. He just kind of said okay. And that was the end of that conversation.
>
> "Well the next morning when I got ready to have my breakfast and pour out a bowl of cereal and went to the fridge and next to the carton of milk was a $100 bill. Now the only person that was in that apartment besides me was my grandpa. The only person that could have possibly put that $100 bill there, my grandpa. To his dying day he denied that he ever put that in there. But he is the only one that could have done it."

[¶9]  The prosecutor referenced the story in his closing argument. He stated, "[n]ow my grandpa said he never put that $100 bill in there, but I knew he was lying."

[¶10] Pailing requested a sidebar where an off the record conference was held at the bench. The district court later went on the record after the jury entered deliberations and noted an objection had been made to the State's argument during closing. Pailing's objection was that the prosecutor made an implied comment on his failure to testify. The district court did not rule on the objection at trial. However, the district court eventually overruled Pailing's objection and denied the motion for mistrial that was submitted by brief.

[¶11] Pailing argues the portion of the story where the prosecutor stated, "but I knew he was lying," was a reference that Pailing was lying and an inference that he did not testify.

[¶12] In *City of Williston v. Hegstad* a prosecutor's use of a defendant's post-arrest silence after receiving *Miranda* warnings to impeach the defendant's exculpatory story at trial violated the defendant's right to due process. 1997 ND 56, ¶¶ 10, 14, 562 N.W.2d 91. During closing arguments the prosecutor stated, "He didn't tell anybody—not the hospital person, not the other police officer, nobody—until today." We concluded the trial court abused its discretion in overruling Hegstad's objections.

[¶13] In *State v. Myers* we stated Myers's reliance on *Hegstad* was misplaced because Myers took the prosecutor's statement out of context. 2006 ND 242, ¶ 13, 724 N.W.2d 168. In *Myers*, during closing arguments the prosecutor stated, "Do we have any statements at this point where Mr. Myers said oh no, I have nothing to do with this room, I'm only a mere visitor? No." *Id.* at ¶ 9. Myers objected, and argued the prosecutor's statement was reversible error because it was made after he elected not to testify and implied criticism because he did not testify. *Id.* at ¶ 11. The State argued the statement was not a reference to Myers not testifying, but that he did not give that information to the officers when he was questioned before being given *Miranda* warnings. *Id.* at ¶¶ 10, 13. We held the "prosecutor's statement was a comment about evidence and was not an improper reference to Myers's silence." Therefore, it did not violate Myers's constitutional rights. *Id.* at ¶ 14.

[¶14] Here, the prosecutor did not use Pailing's silence against him, nor attack Pailing's credibility or suggest that the defendant must provide an alternative version to prove he is not a liar. Unlike *Hegstad*, the prosecutor's anecdote was not a comment about Pailing's silence. The anecdote was an example of circumstantial evidence, and not an improper reference to the defendant's failure to testify. The comment reinforced the argument that Pailing was the only one who could have placed the methamphetamine in the patrol vehicle and not that Pailing was a liar because he did not refute the statement. In the anecdote, the refusal did not matter. The "evidence" showed the grandfather placed the $100 bill in the refrigerator. Similarly, the evidence showed Pailing put the methamphetamine in the patrol vehicle. The anecdote reinforced the circumstantial evidence, which showed the patrol car was inspected twice that day and no drugs were found. After Pailing left the vehicle, drugs were found in plain view, thus suggesting Pailing left the drugs in the vehicle.

[¶15] Further, Pailing is like *Myers* where the defendant took the statement out of context. As discussed above, rather than commenting on Pailing's failure to testify at trial or exercising his right to remain silent, the prosecutor's anecdote was a comment about what the evidence showed and was an example of circumstantial evidence.

[¶16] In this case, the prosecutor's anecdote was a comment about circumstantial evidence and was not an improper reference to Pailing's silence. Therefore, the prosecutor's anecdote was not misconduct that violated Pailing's constitutional rights. Moreover, the district court did not abuse its discretion in overruling Pailing's objection and denying the motion for mistrial.

6

# IV

[¶17] We conclude the correct standard of review whether Pailing's due process rights were violated is de novo and that the prosecutor's anecdotal story did not violate Pailing's constitutional rights. We further conclude the court did not abuse its discretion in overruling Pailing's objection and denying the motion for mistrial. We affirm the district court's order.

[¶18] Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.