# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 198

State of North Dakota,

Plaintiff and Appellee

v.

Zachary Allen Archambault,

Defendant and Appellant

## No. 20220107

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Leah J. Viste, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

# State v. Archambault
## No. 20220107

**Crothers, Justice.**

[¶1] Zachary Archambault appeals from a criminal judgment after a jury found him guilty of continuous sexual abuse of a child, arguing the district court erred by granting a continuance and denying his motion for a mistrial. We affirm.

## I

[¶2] On November 5, 2020, Archambault was charged with continuous sexual abuse of a child. On June 28, 2021, a four-day trial began. On June 29, 2021, the State's Attorney informed the district court and Archambault that a Child Advocacy Center (CAC) interview of the victim existed, that Archambault earlier sought discovery of such evidence, and that a recording of the interview had not been provided to Archambault. After a continuance on June 29, 2021, the trial proceeded to conclusion. On July 1, 2021, the jury returned a guilty verdict of continuous sexual abuse of a child.

## II

[¶3] Archambault argues the district court erred when it granted a continuance for part of one day instead of declaring a mistrial after the discovery violation was disclosed.

[¶4] Upon a defendant's written request, a prosecuting attorney must disclose all documents and objects material to the defense for use in preparation for trial. N.D.R.Crim.P. 16(a)(1)(D)(i). The parties have a continuing duty to supplement their discovery responses. N.D.R.Crim.P. 16(c). Rule 16(d)(2), N.D.R.Crim.P., provides that if a party fails to comply with disclosure the district court may: 1) order the party to permit discovery; 2) grant a continuance; 3) prohibit a party from introducing the undisclosed evidence; 4) relieve the requesting party from making a disclosure; or 5) enter any other order that is just under the circumstances. A court "should impose the least

severe sanction that will rectify the prejudice, if any, to the opposing party." *State v. Kolstad*, 2020 ND 97, ¶ 27, 942 N.W.2d 865 (internal citation omitted).

[¶5] A district court's decision regarding a discovery violation is reviewed under the abuse of discretion standard. *Kolstad,* 2020 ND 97, ¶ 26. Abuse of discretion occurs if the court "acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id*.

[¶6] During the second day of trial on June 29, 2021, the State's Attorney informed Archambault and the district court that a recording of a CAC victim interview existed and had not been provided to Archambault. The State's Attorney claimed she did not know the CAC interview recording existed, and argued non-disclosure was not in bad faith. Archambault moved for mistrial, which the court denied. Later the same day, the parties and the court viewed the interview outside the presence of the jury. The recording showed the victim "shut down" and did not share any information about what happened with Archambault.

[¶7] On June 30, 2021, the district court and counsel met to discuss potential remedies for the discovery violation. Archambault repetitively asked the court for a mistrial or dismissal of the charges. The court denied the requests and ultimately granted a continuance from 10:15 a.m. for the remainder of the day. The court also offered Archambault remedies including playing the interview to the jury and permitting recross-examination of the witnesses who already testified.

[¶8] The district court granted a continuance based on its determination the CAC victim interview lacked relevant evidence, finding non-disclosure was not in bad faith, and reviewing case law instructing courts to impose the least severe sanction for discovery violations. The court did not misinterpret or misapply the law, and its decision is supported by findings that were the product of a rational mental process leading to a reasoned determination. Therefore, the district court did not abuse its discretion.

[¶9] Archambault argues the district court abused its discretion by denying his motion for mistrial because the judge was biased against him and made an allegedly prejudicial statement.

[¶10] "A district court has broad discretion in ruling on a motion for a mistrial and will not be reversed on appeal unless the court clearly abused its discretion or a manifest injustice would occur." *State v. Pailing*, 2019 ND 283, ¶ 7, 936 N.W.2d 78. "An abuse of discretion may occur when the district court misinterprets or misapplies the law, or when the district court acts in an arbitrary, unreasonable, or capricious manner." *Id.* "A mistrial is an extreme remedy which should be granted only when there is a fundamental defect or occurrence in the proceedings that makes it clear that further proceedings would be productive of manifest injustice." *Id.*

[¶11] Archambault claims the judge's statement shows bias, and that bias required that the judge grant the motion for mistrial. Our rule on claims of judicial bias is clear. "The law presumes a judge is unbiased and not prejudiced." *Lund v. Lund,* 2011 ND 53, ¶ 14, 795 N.W.2d 318 (internal citations omitted). "The test for the appearance of impartiality is one of reasonableness and recusal is not required in response to spurious or vague charges of impartiality." *Id.*

[¶12] On June 30, 2021, the trial judge stated, "[W]hen your client gets in front of a police officer, having been advised of his *Miranda* rights and having signed a waiver of those rights and then confesses repeatedly to the offense, I think he's pretty much given up his presumption of innocence." The statement was made after the jury watched a three-hour interview video of Archambault admitting to sexual conduct with the alleged victim. The statement was not made in front of the jury. Based on the statement Archambault renewed his motion for mistrial and the judge denied the motion.

[¶13] We agree with Archambault that the trial judge's statement was ill-advised. However, we also agree with the State that the district court did not

show bias, and the court did not abuse its discretion denying the motion for mistrial. The judge was expressing the difficulty of overcoming Archambault's three-hour interview that included confessions. The judge's statement was made outside the presence of the jury, and the jury did not consider the judge's statement in reaching its verdict. Archambault has not pointed to anything suggesting the statement had any bearing on the trial's outcome. The statement was not a fundamental defect in the proceedings that made it clear further proceedings would be a product of injustice. Therefore, the district court did not abuse its discretion in denying Archambault's mistrial motion.

IV

[¶14] The district court did not abuse its discretion in granting a continuance or denying the motion for mistrial. We affirm the criminal judgment.

[¶15] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte