Michael J. **FETZER**, Petitioner and Appellee,

v.

**DIRECTOR, NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

**Civ. No. 910043.**

Supreme Court of North Dakota.

Aug. 16, 1991.

Duis & Duis Law Office, Fargo, for petitioner and appellee.

Elaine Ayers, Asst. Atty. Gen., Atty. Gen.'s Office, Bismarck, for respondent and appellant.

MESCHKE, Justice.

The Director of the North Dakota Department of Transportation (the Department) appealed from a district court judgment reversing the Department's two-year revocation of Michael J. Fetzer's driver's license. We conclude that Fetzer's license was properly revoked, and we therefore reverse the district court judgment.

On June 9, 1990, Fargo police officer David Todd was dispatched to investigate a report that an intoxicated person was driving a brown Ford pickup in south Fargo. Officer Todd found Fetzer's pickup parked on a hill in an undeveloped area within the city. Fetzer was sleeping in the pickup with his feet in front of the driver's seat and the upper portion of his body lying on the passenger side. The keys were in the ignition but the motor wasn't running. Officer Todd and another officer woke Fetzer who appeared to be under the influence of alcohol. The officers arrested Fetzer for being in physical control of a vehicle while under the influence of intoxicating liquor in violation of NDCC 39–08–01, and then asked him to take a test to determine his blood alcohol content. Fetzer refused the test.

Fetzer was later notified that the Department intended to revoke his license under NDCC 39–20–04 for refusing to submit to testing as required by NDCC 39–20–01. After an administrative hearing, the Department revoked his driver's license for a period of two years. Fetzer appealed the revocation to the district court. The district court reversed the Department's decision on the ground that NDCC 39–08–01 was inapplicable because Fetzer was found in his pickup in an area where the public did not have a right of access for vehicular use.

The Department appealed from the district court's judgment. Thereafter, to resolve criminal charges against him for his June 9, 1990 arrest, Fetzer pled guilty to violating NDCC 39–08–01. Fetzer's attorney then wrote this court that he elected not to oppose the appeal because Fetzer's guilty plea "rendered any issues he could raise moot." Fetzer did not file an appellate brief or present oral argument.

■ We agree with the Department that Fetzer's guilty plea to the criminal charges does not moot this appeal. If a driver violates NDCC 39–08–01, and refuses to submit to a test to determine his blood alcohol content, his driver's license can be revoked under NDCC 39–20–04. Even though Fetzer's criminal conviction of physical control may result in suspension of his driver's license under NDCC 39–06.1–10, a suspension does not preclude administrative revocation of Fetzer's license for refusing a test under NDCC 39–20–04.

There is some congruence between administrative procedures for license suspension and revocation. NDCC 39–06.1–10 on administrative suspensions for traffic violations provides for credit for the time that a license revocation is imposed for refusing a test. Subsection 4 of NDCC 39–06.1–10 says:

> After a conviction of a person for violating section 39–08–01, the commissioner shall, in suspending the person's operator's license, give credit for the time in which license suspension or revocation has been or is being imposed under chapter 39–20 in connection with the same offense.

From this provision, it is clear that the Legislature intended to make license revocation for refusing a test the primary administrative remedy.

Furthermore, subsection 2 of NDCC 39–20–04 lists the criteria to be met if a driver who pleads guilty to criminal charges is not to be subject to administrative revocation of his license for refusing a test. These criteria require that the driver not request an administrative hearing and that the driver, within 25 days after issuance of a temporary operator's permit, both plead guilty to violating NDCC 39–08–01 and notify the Department of the plea. Because none of these requirements have been met here, Fetzer's driving privileges are subject to revocation under NDCC 39–20–04, even

though he pled guilty to criminal charges. We conclude, therefore, that this appeal is not moot.

■ The district court reversed the Department's revocation of Fetzer's license on the sole ground that NDCC 39–08–01 does not apply because, when Fetzer was arrested, his pickup was located on private property where "the public had no right of access for vehicular use." For several reasons, the Department argues on appeal that the district court erred in concluding that NDCC 39–08–01 does not apply.

Our recent decision with separate opinions in *Wiederholt v. Department of Transportation*, 462 N.W.2d 445 (N.D.1990), decided after the district court's ruling for Fetzer, foreshadows the result in this case. Wiederholt was arrested for being in actual physical control of a motor vehicle while intoxicated in violation of NDCC 39–08–01. Based on tips and a trail of impaired driving on a gravel road, an officer followed Wiederholt's tracks to his farmyard. Wiederholt was found "passed out" in his pickup, parked in his farmyard, about 100 feet from the roadway. Wiederholt's driver's license was later suspended for two years by the commissioner, and this court upheld the suspension. The majority opinion held that NDCC 39–08–01 applied to physical control of a vehicle on private property. A separate concurrence of two justices concluded that the record showed that Wiederholt was in physical control on the highway and that it was unnecessary to decide whether applicable statutes applied to physical control on private property. Since Fetzer's physical control violation occurred on property accessible to the public for vehicular use, it is unnecessary to repeat the separate analyses used to decide *Wiederholt*.

When Fetzer was arrested, his pickup was sitting on dirt hills in a residential development about 10 to 15 feet from a paved roadway. Fetzer did not own the property upon which he was driving but was simply one of the public at large who used this open area for "doing mud running and running the little hills that were out there." He had been working on home construction in that area and testified that the developers hadn't objected before when people ran their pickups over the dirt hills. Fetzer also testified that although there is no road where he was driving, trucks also drove there for construction purposes. We hold that NDCC 39–08–01 is applicable and that the trial court's contrary ruling was in error.

The judgment of the district court is reversed.

ERICKSTAD, C.J., and VANDE WALLE and GIERKE, JJ., concur.

LEVINE, Justice, specially concurring.

The district court held that there is no crime of actual physical control when the accused is found to have committed the alleged offense on private property. I agree with the district court's interpretation and with its conclusion that section 39–08–01, NDCC, does not apply to private property not accessible to the public, but a majority of this court does not. *Wiederholt v. Department of Transportation*, 462 N.W.2d 445 (N.D.1990).

I see no purpose in continuing to espouse my minority view and will henceforth meekly join ranks with the majority.