2009 ND 76

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Steven Lennard JOHNSON, Defendant and Appellant.**

No. 20070248.

Supreme Court of North Dakota.

April 30, 2009.

Peter D. Welte, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee. Submitted on brief.

Benjamin C. Pulkrabek (argued), Mandan, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Steven Lennard Johnson appealed from a criminal judgment finding him guilty of failing to register as a sex offender. We affirm, holding the district court did not err by failing to instruct the jury on the affirmative defense of mistake of law, the prosecutor did not refer to Johnson's right to remain silent during trial,

the district court did not err when it denied Johnson's motion for a new trial, and there was sufficient evidence to convict Johnson of failing to register as a sex offender.

I.

[¶ 2] In July of 2005, Steven Lennard Johnson was released from prison after completing a sentence for a sex offense. Upon his discharge, Johnson signed two North Dakota Offender Registration forms, attesting that he understood he "must register within *ten days* of entering the city or county in which I will reside, attend school, or work and that, if I should change my residence, school, or work address, I must notify, in writing, the law enforcement agencies where I am registered of my intended new address at least *ten days* prior to assuming that new address." (emphasis in original).

[¶ 3] In August of 2005, Johnson began employment with LM Glasfiber in Grand Forks and filled out a Change of Registration Form with the state. However, Johnson's last day of work with the company was on September 2, 2005, and he was inactivated from LM Glasfiber's system on October 18, 2005. Johnson did not submit a change of registration form with the state within ten days following either his last day of work or inactivation from the system. He was subsequently charged with violating N.D.C.C. § 12.1–32–15 which requires that when an offender has a change in address, the offender must inform law enforcement within ten days of such a change. *See State v. Jackson*, 2005 ND 137, ¶ 11, 701 N.W.2d 887 (holding that a change in employment address triggers the statutory requirement the offender must notify law enforcement of the change).

[¶ 4] Before trial, Johnson, representing himself, submitted his requested jury instructions to the district court, that included an instruction for the affirmative defense of mistake of law. Before the trial began the court indicated it had not received the proposed jury instructions from Johnson, but the court reviewed the proposed jury instructions with both parties on multiple occasions during the trial proceedings. At no time was the specific instruction on mistake of fact mentioned by anyone during these conferences, nor were any objections made as to its absence in the proposed instructions.

[¶ 5] At trial, Johnson did not introduce evidence which would indicate he attempted to discover whether he was required to change his registration at the time his employment with LM Glasfiber ended. Rather, Johnson attempted to prove no one had proactively informed him that he was required to change his registration after leaving employment. Detective Duane Simon and Officer Derrik Zimmel of the Grand Forks Police Department both testified at trial that the statute does not expressly state that a sex offender has to change their registration when the offender simply becomes unemployed, as opposed to changing one place of employment for another. Milton Webb, another sex offender, testified for the defense, stating he had never registered within ten days of leaving employment, nor had he heard of such a requirement.

[¶ 6] After the State rested, Johnson moved for acquittal, arguing there was insufficient evidence to convict him. The court denied Johnson's motion. During the State's closing argument, the prosecutor read aloud the instruction regarding proof of intent. The actual jury instruction given to the jury on this issue stated the jury "may consider any statement made or act done or omitted by the Defen-

dant." The transcript of the prosecutor's closing statements indicates that, as he read the instruction aloud to the jury, he stated they "may consider ... any statement made or acted on or omitted by the Defendant." After deliberations the jury found Johnson guilty of failure to register as a sex offender.

[¶ 7] The district court granted Johnson's subsequent motion to reduce his conviction from a class C felony to a class A misdemeanor, as he had not been "previously convicted" of the same offense as considered by N.D.C.C. § 12.1–32–15(9). Johnson also moved for a new trial, arguing that two additional witnesses he had intended to call at trial would have lead to his acquittal had they not been unavailable on the day of the trial. Both witnesses were sex offenders who would have provided testimony that they had not known of nor followed any statute requiring registration when leaving a place of employment. The district court denied Johnson's motion, finding that Johnson had not shown he was prejudiced by the unavailability of those witnesses because the law requires sex offenders to change their registration when leaving a place of employment regardless of whether other sex offenders followed the statute.

[¶ 8] On appeal, Johnson argues the district court erred by failing to instruct the jury on the affirmative defense of mistake of law. Johnson further argues his conviction should be reversed because the prosecutor referred to his right to remain silent, the district court erred when it denied his motion for a new trial, and there was insufficient evidence to convict him of failing to register as a sex offender.

II.

[¶ 9] Johnson alleges the district court erred by failing to instruct the jury on the affirmative defense of mistake of law.

Johnson admits he did not object to the district court's omission of the mistake-of-law instruction; however, Johnson contends this Court may still notice the district court's omission as obvious error.

■ [¶ 10] When the district court informs the parties to a criminal action of its proposed jury instructions, it must give the parties an opportunity to object on the record to the instructions. N.D.R.Crim.P. 30(b). A party must object to an instruction, or the failure to give an instruction, on the record. N.D.R.Crim.P. 30(c); *see also State v. Olander*, 1998 ND 50, ¶ 9, 575 N.W.2d 658 ("[I]f the court gives counsel an opportunity to object to proposed instructions, counsel must designate the omissions of instructions that are objectionable and thereafter only the omissions so designated are deemed excepted to by counsel."). However, where the issue of an omitted instruction has not been properly preserved for appellate review by objection, this Court may nevertheless inquire as to whether the alleged error constitutes an obvious error which affects the substantial rights of the defendant. *State v. Demery*, 331 N.W.2d 7, 11 (N.D.1983); *see also* N.D.R.Crim.P. 52(b) ("An obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention.").

■ [¶ 11] This Court has previously stated the standard of review in considering whether obvious error has occurred:

The power to notice obvious error is one we exercise cautiously and only in exceptional circumstances. It should be exercised only where a serious injustice has been done to the defendant. In assessing the possibility of error concerning substantial rights under Rule 52(b), we examine the entire record and the probable effect of the actions alleged to be error in light of all the evidence.

*State v. Johnson*, 379 N.W.2d 291, 292–93 (N.D.1986) (internal citations omitted). In cases of nonconstitutional error where a court has failed to provide a jury instruction and there was no objection by the aggrieved party, our task is to determine whether the error had a significant impact upon the verdict. *State v. Kraft*, 413 N.W.2d 303, 308 (N.D.1987).

■ [¶ 12] The affirmative defense of mistake of law is circumscribed:

Except as otherwise expressly provided, a person's good faith belief that conduct does not constitute a crime is an affirmative defense if he acted in reasonable reliance upon a statement of the law contained in:

1. A statute or other enactment.

2. A judicial decision, opinion, order, or judgment.

3. An administrative order or grant of permission.

4. An official interpretation of the public servant or body charged by law with responsibility for the interpretation, administration, or enforcement of the law defining the crime.

N.D.C.C. § 12.1–05–09. We have previously explained the origins of the mistake-of-law defense by quoting from the official commentaries from the draftsmen of the proposed Federal Criminal Code, who noted that the defense was available for one "who has taken affirmative steps to assure himself that conduct in which he proposes to engage will not violate the law and . . . who, as a result of having taken such steps and in reliance on whatever information he may already have had, believes reasonably and firmly that the conduct will not violate the law." *State v. Lang*, 378 N.W.2d 205, 208 (N.D.1985) (*quoting* Comment on Mistake: §§ 304 and 610, Working Papers of the National Commission on Reform of Federal Criminal Laws, Vol. 1, P. 139 (1970)). The commentary continues by ob-

serving that the requirement that such a person make reasonable effort to determine whether his conduct constitutes an offense ensures the mistake of law defense is allowed "only if the mistake is reasonable not only with respect to the information which a person has and its source, but also with respect to other information which he could reasonably have obtained from other sources." *Id.*

[¶ 13] In *Lang,* the appellant had not presented evidence to establish he had taken any affirmative steps to assure himself that his conduct would not violate the law, and instead relied upon "his own self-selected beliefs which does not satisfy the requirements necessary to assert a mistake of law as a justification or excuse for conduct." *Id.* at 209. Because the defendant had not shown his conduct was justified by a mistake of law, this Court affirmed his conviction for criminal mischief. *Id.* Here, too, Johnson did not present or offer any credible evidence that he took any affirmative steps toward discovering whether he had to register his change in employment. Instead, he relies on his self-selected belief that he did not need to register such change, and that no one told him any differently. Johnson has not satisfied the requirements of the defense. Accordingly, it was not obvious error for the district court to fail to instruct the jury on the mistake-of-law defense.

### III.

[¶ 14] Johnson further argues his case should be reversed because the prosecutor referred to his right to remain silent during closing arguments.

[¶ 15] "It is a fundamental principle of constitutional law that a prosecutor may not comment on a defendant's failure to testify in a criminal case." *State v. Myers,* 2006 ND 242, ¶ 7, 724 N.W.2d 168. Such a comment violates a defendant's right to remain silent in violation of the Fifth and Fourteenth Amendments of the United States Constitution. *Id.* In determining whether a particular comment is an impermissible encroachment upon a defendant's right against self-incrimination, this Court will consider whether the language used was manifestly intended to be or was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. *State v. Nordquist,* 309 N.W.2d 109, 119 (N.D.1981). This Court will consider a prosecutor's comments in the context in which they were made. *State v. Skjonsby,* 319 N.W.2d 764, 787 (N.D.1982).

[¶ 16] Here, the prosecutorial statement depicted by Johnson as misconduct came during closing arguments when the prosecutor read aloud the jury instruction regarding proof of intent. The actual jury instruction provided to the jury noted that they "may consider any statement made or act done or omitted by the Defendant." The transcript of the prosecutor's reading of the instruction, however, indicates he stated the jury "may consider . . . any statement made or acted on or omitted by the Defendant."

[¶ 17] The words as transcribed are not an obvious comment on Johnson's decision not to testify. Taken in context, the prosecutor's statement was not intended to be nor was of such a character that the jury would have taken it to be a comment on Johnson's decision not to testify. Furthermore, the prosecutor was reading aloud from the jury instruction, which was also provided to the jury in written form. Phonetically, the language in the instruction and that spoken aloud by the prosecutor—"act done" and "acted on," respectively—are nearly identical to one another. If the variation in language was not a typographical error in the transcription process, the statement was likely a simple

"slip of the tongue," as the State contends. Coupled with the fact that the prosecutor followed his reading of the instruction with an admonishment to the jury to "read that slower when you go back" to the jury room, and the district court's instruction to the jury to disregard any statements as to the law made by counsel which were not supported by the jury instructions, the jury could not have construed the prosecutor's statement as a comment on Johnson's decision not to testify.

## IV.

[¶ 18] Johnson also argues the district court erred when it denied his motion for a new trial. Johnson moved for a new trial due to the unavailability of two witnesses who were scheduled to testify. The court found the absence of these witnesses at trial did not cause prejudice to Johnson, as their testimony would only have presented their own beliefs that they did not need to change their sex offender registration after leaving employment. The court stated that such testimony would not have changed the outcome of the trial because the statute requires sex offenders to change their registration upon a change of employment, and the "simple fact that two other registered sexual offenders had not changed their registration information when leaving employment does not entitle Johnson to do likewise."

[¶ 19] This Court reviews a lower court's decision on a motion for a new trial under an abuse of discretion standard. *State v. Schuh*, 496 N.W.2d 41, 44 (N.D.1993). A trial court abuses its discretion when it acts in an arbitrary, unreasonable or unconscionable manner. *Id.* A trial court acts in an arbitrary, unreasonable or unconscionable manner when its exercise of discretion "is not the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination," or when the court misinterprets or misapplies the law. *Id.*

[¶ 20] Johnson has failed to demonstrate he was prejudiced by the unavailability of the two witnesses who did not testify at trial. First, their testimony would have been cumulative, as the substance of their testimony would have been identical to that given by Milton Webb, who already offered testimony as a sex offender who had not previously changed his registration after leaving employment. *See State v. Frohlich*, 2007 ND 45, ¶ 32, 729 N.W.2d 148 (*quoting* Black's Law Dictionary 577 (7th ed. 1999)) ("Cumulative evidence is '[a]dditional evidence of the same character as existing evidence and that supports a fact established by the existing evidence (esp. that which does not need further support).'"). More significantly, the fact these individuals had not changed their sex offender registration status after leaving employment is irrelevant to the outcome of the case. Their ignorance of the law does not excuse Johnson violating the statute. Therefore, the district court did not abuse its discretion by denying Johnson's motion for a new trial.

## V.

[¶ 21] Johnson's final argument is that the evidence, viewed in a light most favorable to the verdict, is insufficient to support his conviction for failure to register as a sex offender. Johnson moved for judgment of acquittal under Rule 29(a), N.D.R.Crim.P., thereby preserving the issue of insufficiency of the evidence for appeal. *See City of Bismarck v. Towne*, 1999 ND 49, ¶ 8, 590 N.W.2d 893 ("To preserve an issue of sufficiency of the evidence in a jury trial, the defendant must

move the trial court for a judgment of acquittal under Rule 29, N.D.R.Crim.P.").

[¶ 22] To successfully challenge the sufficiency of the evidence on appeal, a defendant must show there is no reasonable inference of guilt when viewing the evidence in the light most favorable to the verdict. *State v. Gagnon*, 1999 ND 13, ¶ 23, 589 N.W.2d 560. On appeal, this Court determines only whether there is competent evidence which could have allowed the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. *State v. Jacobson*, 419 N.W.2d 899, 901 (N.D.1988). We conclude there is substantial evidence in the record to support Johnson's conviction.

VI.

[¶ 23] The criminal judgment is affirmed.

[¶ 24] CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.

MARY MUEHLEN MARING, J., concurs in the result.