2017 ND 244

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Charles Spencer MAYLAND, Defendant and Appellant**

No. 20160453

Supreme Court of North Dakota.

Filed 10/17/2017

Seymour R. Jordan, Assistant State's Attorney, Crosby, ND, for plaintiff and appellee.

Dan L. Herbel, Bismarck, ND, for defendant and appellant.

Jensen, Justice.

[¶ 1] Charles Mayland appealed from a judgment of conviction entered upon a jury finding him guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor fourth-offense, a class C felony. Because the parties stipulated to the existence of Mayland's prior convictions, and Mayland's driveway was within the scope of the statute, we affirm.

I

[¶ 2] Sergeant Coby Hubble was dispatched to Mayland's residence to respond to a domestic disturbance call. Upon arriving at Mayland's residence, Hubble observed Mayland with an armload of clothes approach a vehicle parked in the driveway of the residence. Hubble observed Mayland open the driver's door, place clothes in the front passenger seat, enter the vehicle, and sit in the driver's seat.

[¶ 3] Mayland was charged with being in actual physical control pursuant to N.D.C.C. § 39–08–01. The offense was charged as a class C felony, asserting that a conviction would be Mayland's fourth offense within the prior fifteen years. While discussing the appropriate jury instructions with the trial court, Mayland

and his counsel agreed that his prior convictions would not be disclosed to the jury. Mayland and his counsel also agreed that the offense, if Mayland were convicted, would be treated as a fourth offense.

[¶ 4] Prior to trial, the parties discussed whether or not Mayland's prior convictions should be disclosed to the jury and whether the jury instructions should require a determination of Mayland's prior convictions for violations of N.D.C.C. § 39–08–01. The following exchange regarding the inclusion of the essential element of prior convictions within the jury instructions is reflected in the record as follows:

MR. SCHULTZ [Mayland's Counsel]: Your Honor, I would object to including the fourth offense language. At this point, the Defense is willing to stipulate that it would be a fourth offense. I am concerned about the—first off the prejudice of the jury with it being a fourth offense. Any indication or inclination they might have for a finding of guilt just simply based on the number of prior offenses. I think with the Defense stipulating that it would be fourth offense, we can remove that from the instruction.

THE COURT: Counsel?

MR. JORDAN [State's Counsel]: Your Honor, ... but we are not really doing Mr. Mayland any favors and that is why the State didn't want to stipulate, and ... now it is still going to be in the video.

. . . .

THE COURT: And ... a week or two ago in chambers, parties had come in, indicated they did not have an agreement but that they were going to stipulate that the language of fourth offense wouldn't be included [in the instructions], and that would just be stipulated to and that would be an issue for sentencing, not one of the elements.

. . . .

THE COURT: ... If you stipulate to it, so be it. But if you don't it is an element that the State needs to prove and ... Attorney Schultz agrees with that in this case where the fourth offense would elevate the level of the offense from an A Misdemeanor to a C Felony. That that is an essential element. Now as it is an element, if you stipulate to the same, that is one thing. But now we have an issue with that tape. And—

MR. SCHULTZ: Your Honor, I have no problem with the tape. I just don't want it in the on-paper instructions.

. . . .

THE COURT: So you are not arguing that this is not a fourth offense if—as charged—and not a fourth offense if convicted today. You are simply not wanting any of that language in the paper documentation, in any of the—and no exhibits and no testimony related to those previous convictions. But you understand that if found guilty of simply actual physical control today, that that would be a fourth offense and would trigger the C Felony, and would have all those mandatories?

MR. SCHULTZ: That is correct, Your Honor.

THE COURT: And you concur, Mr. Mayland?

THE DEFENDANT: Yes.

## II

[¶ 5] Mayland contends the exchange between Mayland, his counsel, and the court was insufficient to waive his right to a jury determination regarding his prior convictions, an essential element of the crime. Accordingly, Mayland argues we must review the district court's decision de novo as a violation of his constitutional right to a jury trial. We need not reach the

alleged constitutional violation because alternative grounds exist to resolve the issue raised by Mayland. *See State v. Thompson*, 504 N.W.2d 838, 841 (N.D. 1993).

[¶ 6] Objections to jury instructions in criminal proceedings are governed by N.D.R.Crim.P. 30. A party must object to an instruction, or the failure to give an instruction, on the record. N.D.R.Crim.P. 30; *State v. Jennewein*, 2015 ND 192, ¶ 9, 867 N.W.2d 665; *State v. Johnson*, 2009 ND 76, ¶ 10, 764 N.W.2d 696; *State v. Olander*, 1998 ND 50, ¶ 9, 575 N.W.2d 658. Mayland not only failed to object to the jury instructions excluding a jury determination on whether Mayland had previous convictions under N.D.C.C. § 39–08–01, he requested and stipulated to the exclusion. In light of the stipulation, it would have been reversible error to provide an instruction requiring a jury determination on prior convictions. *State v. Saul*, 434 N.W.2d 572, 575 (N.D. 1989) (holding that when a defendant stipulates to prior convictions in prosecutions for aggravated offenses under N.D.C.C. § 39–08–01, submission of prior convictions to a jury constitutes reversible error). Therefore, Mayland failed to preserve the issue for appeal.

[¶ 7] In light of Mayland's failure to preserve the issue for appeal, our inquiry is limited to determining whether the trial court committed obvious error affecting a substantial right of the defendant. *State v. Thill*, 473 N.W.2d 451, 453 (N.D.1991). "The power to notice obvious error is one which we exercise cautiously and only in exceptional circumstances where a serious injustice has been done to the defendant." *Id.* (citing *State v. Johnson*, 379 N.W.2d 291, 292–93 (N.D. 1986), *cert. denied*, 475 U.S. 1141, 106 S.Ct. 1792, 90 L.Ed.2d 337 (1986)). Mayland requested the exclusion of his prior convictions from jury determi-

nation, and under these circumstances, the exclusion does not constitute obvious error.

### III

[¶ 8] Mayland contends he could not be convicted of violating N.D.C.C. § 39–08–01 because the offense was alleged to have occurred on a private driveway, and private driveways are not within the scope of the statute. The relevant portion of N.D.C.C. § 39–08–01(1) provides that, "[a] person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state."

[¶ 9] However, N.D.C.C. § 39–08–01 must be construed together with N.D.C.C. § 39–10–01. *Wiederholt v. N.D. Dep't of Transp.*, 462 N.W.2d 445, 448 (N.D. 1990) (citing *State v. Novak*, 338 N.W.2d 637, 640 (N.D. 1983)). The relevant portion of N.D.C.C. § 39–10–01 provides as follows:

> The provisions of this title [Title 39 of the North Dakota Century Code], or equivalent ordinances, relating to reporting of accidents, careless driving, exhibition driving, drag racing, reckless or aggravated reckless driving, driving while under the influence of intoxicating liquor or controlled substances, or fleeing or attempting to elude a peace officer apply upon highways and <u>elsewhere</u>.

(Emphasis added).

[¶ 10] We have previously held that the term "elsewhere," as provided in N.D.C.C. § 39–10–01, extends the scope of both driving and actual physical control offenses under N.D.C.C. § 39–08–01 to private property. *Wiederholt*, 462 N.W.2d at 448; *Novak*, 338 N.W.2d at 639–40. "[A]n individual who is in actual physical control of a vehicle while under the influence of alcohol, whether located on a public highway or on private property, is in violation of the prohibited conduct under

N.D.C.C. § 39–08–01." *Brewer v. Ziegler,* 2007 ND 207, ¶ 12, 743 N.W.2d 391 (citing *Wiederholt,* at 451; *Novak,* at 640). As such, the private driveway upon which Mayland was located was within the scope of N.D.C.C. § 39–08–01.

[¶ 11] Mayland argues that extending the scope of N.D.C.C. § 39–08–01 to Mayland's driveway is inconsistent with the statutory definition of a private driveway. Mayland relies on the following statutory definition of a private driveway: " 'Private road or driveway' means every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons." N.D.C.C. § 39–01–01(64).

■ [¶ 12] We interpret statutes in context and "read a statute in relation to others on the same subject in order to give meaning to each statute without rendering one or the other useless." *Ebach v. Ralston,* 469 N.W.2d 801, 804 (N.D. 1991); *see* N.D.C.C.§ 1–02–38. Including Mayland's driveway within the scope of N.D.C.C. § 39–08–01 is not in conflict with N.D.C.C. § 39–01–01(64). Section § 39–08–01, N.D.C.C., limits the scope to "private areas to which the public has a right of access for vehicular use," which is consistent with the definition of a private driveway found within N.D.C.C. § 39–01–01(64), which includes access to "those having express or implied permission." Therefore, we interpret the statutes to give each meaning without rendering the others useless, and we determine the definition of private driveway does not conflict with N.D.C.C. § 39–08–01.

[¶ 13] To say that private driveways are within the scope of N.D.C.C. § 39–08–01 is not to say that every private driveway is or may be presumed to be subject to a right of public access for vehicular use. Unlike in real property law, where a public right of access would be synonymous with an easement, our cases have interpreted "private areas to which the public has a right of access" to include private parking lots, farmyards, unimproved private residential lots, and ditches. *Fetzer v. Director, Dep't of Transp.,* 474 N.W.2d 71, 73 (N.D. 1991) (reversing district court conclusion that actual physical control did not apply on private residential development off a paved road); *Wiederholt,* 462 N.W.2d at 451 (affirming conviction in farmyard); *State v. Thomas,* 420 N.W.2d 747, 754 (N.D. 1988) (affirming conviction for actual physical control in private parking lot "used by the public as an access route to the public plinking range"); *State v. Ghylin,* 250 N.W.2d 252, 256 (N.D. 1977) (affirming conviction for actual physical control of a vehicle in a ditch). To be sure, the public's "right" of access to some of these areas is not equivalent to a public easement where vehicular use is permitted over the objection of the private owner. But to the extent the parking lot is open to the general public for use in patronizing the business of the owner or that a private driveway or farmyard is open to the general public for purposes of visiting, making deliveries, or otherwise interacting with the owner of the private driveway, our cases illustrate this meaning of a "public . . . right of access."

[¶ 14] Whether Mayland's driveway is a private area to which the public has a right to access is a question of fact. The factual question may be determined by such factors as the existence or absence of signs, gates, or barriers, whether or not there is routine use by the public not specifically invited to use the property, or the location of the vehicle on the property. In this case, Mayland was on a driveway which the jury could conclude was commonly used by the public for deliveries, solicitations, and similar activities. The photographic exhibits

and testimony established that the driveway was located in the front of the home and had direct access to a public roadway. The parties offered no evidence that the driveway had "no trespassing" or "keep out" signs, a gate, or other barrier. A jury could have reasonably concluded the driveway, although private, was an area "to which the public has a right of access for vehicular use."

## IV

[¶ 15] Mayland stipulated to the exclusion of an essential element of the offense from the jury instructions, and the private driveway upon which Mayland was located was within the scope of N.D.C.C. § 39–08–01. We affirm the judgment.

[¶ 16] Jon J. Jensen

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Gerald W. VandeWalle, C.J.