# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 6

State of North Dakota,                                    Plaintiff and Appellee

v.

Shane Leigh Simundson,                              Defendant and Appellant

No. 20180223

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

AFFIRMED.

Per Curiam.

Carmell F. Mattison, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**State v. Simundson**

**No. 20180223**

**Per Curiam.**

[¶1]    Shane L. Simundson appealed from a jury verdict finding him guilty of actual physical control under N.D.C.C. § 39-08-01. Simundson argues that he was parked in an area to which the public had no right of access, and thus there was insufficient evidence to satisfy the elements of N.D.C.C. § 39-08-01. We summarily affirm under N.D.R.App.P. 35.1(a)(3) and (7), concluding there is sufficient evidence in the record to sustain the conviction. *See State v. Novak*, 338 N.W.2d 637, 639-40 (N.D. 1983) (agreeing with other courts that the prohibition on actual physical control applies anywhere within a state); *see also State v. Mayland*, 2017 ND 244, 902 N.W.2d 762.

[¶2]    Gerald W. VandeWalle, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers

[¶3]    We concur only in the result.  Our decision here is required by *Novak*, and Simundson has not asked us to overrule *Novak*.  *Novak*'s rationale was doubtful when decided because it drained all substantive content from "public or private areas to which the public has a right of access for vehicular use."  *Mayland* has restored some substance to this provision, undermining *Novak*. In an appropriate case, we would be open to reconsidering *Novak*.

[¶4]    Jerod E. Tufte
        Jon J. Jensen