# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 206

Benjamin Dean Suelzle,                                    Petitioner and Appellant

      v.

North Dakota Department
of Transportation,                                    Respondent and Appellee

### No. 20190343

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justice Crothers joined. Justice VandeWalle filed a dissenting opinion, in which Justice McEvers joined.

Philip Becher and Elisabeth E. Hewett, Minot, N.D., for petitioner and appellant; submitted on brief.

Michael T. Pitcher, Assistant Attorney General, Bismarck, N.D., for respondent and appellee; submitted on brief.

**Tufte, Justice.**

[¶1]   Benjamin Suelzle appealed from a district court judgment affirming a Department of Transportation hearing officer's decision revoking his driving privileges for two years. Suelzle argues the hearing officer erred by finding the arresting officer had reasonable grounds to arrest under N.D.C.C. § 39-08-01, by admitting a supplemental report and notice form, and by failing to exclude evidence of his test refusal because he was not given a valid implied consent advisory. We reverse.

I

[¶2]   On April 19, 2019, McKenzie County Sheriff's Deputy Robert Shipp responded to a call about a bonfire burning while a burn ban was in effect. He later received a second report that the person who started the fire was driving around in a white pickup truck. Shipp arrived at the scene of the bonfire and saw Suelzle exit the driver's seat of a white pickup truck that was parked on the grass lawn next to Suelzle's residence. Shipp arrested Suelzle for the burn ban violation.

[¶3]   Shipp smelled an odor of alcohol and observed Suelzle's speech was slurred. A second officer advised Shipp there was an open container of alcohol in the vehicle. Suelzle did not comply with requests to take field sobriety tests and an onsite screening test. Shipp arrested Suelzle for actual physical control and transported him to the McKenzie County Correctional Center.

[¶4]   Shipp read the implied consent advisory for a chemical breath test, Suelzle refused to answer whether he would consent to the test, Shipp explained to Suelzle that his failure to answer would be deemed a refusal, and Shipp determined Suelzle refused the test. Shipp testified he completed a report and notice form in connection with the arrest and gave Suelzle the driver's copy of the form while he was at the jail. Suelzle requested a hearing on the revocation of his driving privileges.

[¶5] During the hearing, Suelzle claimed the copy of the report and notice the Department sent to the parties before the hearing was incorrect because it was a report and notice for a different arrest that occurred in 2017. A copy of the correct report and notice from the 2019 arrest was offered as a supplemental report and notice. Suelzle objected to the admission of the supplemental report and notice, arguing he was not given an opportunity to review the document and prepare before the hearing, and its admission violated his due process rights.

[¶6] The administrative hearing officer paused the record to allow Suelzle to have time to review the supplemental report and notice. The hearing officer also offered to reschedule the hearing for a later date to give Suelzle more time to review the document. Suelzle declined the offer to reschedule the hearing and renewed his objection to the supplemental report and notice. The hearing officer overruled Suelzle's objection and admitted the supplemental report and notice.

[¶7] The hearing officer revoked Suelzle's driving privileges for two years. The hearing officer found Shipp had reasonable grounds to believe Suelzle was in actual physical control of a motor vehicle while under the influence in violation of N.D.C.C. § 39-08-01, Suelzle was lawfully arrested, and he refused to submit to a chemical breath test. The hearing officer also found Suelzle did not show there was any prejudice for failing to provide him with the supplemental report and notice earlier and concluded Suelzle was not denied due process and any error did not warrant dismissal.

[¶8] Suelzle appealed to the district court and filed a specification of errors, alleging that the hearing officer erred by failing to dismiss the matter after providing the parties with the incorrect report and notice prior to the hearing, that the hearing officer erred in admitting the supplemental report and notice, and that the hearing officer incorrectly ruled the arresting officer had reasonable grounds to believe Suelzle was in actual physical control in violation of N.D.C.C. § 39-08-01 and the arrest was lawful. Citing *State v. Vigen*, 2019 ND 134, 927 N.W.2d 430, Suelzle additionally argued in his brief on appeal that the implied consent advisory was invalid because it did not

2

comply with statutory requirements and therefore any refusal was inadmissible.

[¶9] The district court concluded Suelzle's due process rights were not violated when the hearing officer provided the incorrect report and notice prior to the hearing and the hearing officer did not err in finding Suelzle's arrest was lawful, but the court concluded there were insufficient findings of fact to determine whether the refusal was admissible under *Vigen*, 2019 ND 134. The court remanded for the hearing officer to make additional findings of fact and conclusions of law.

[¶10] On remand, the hearing officer noted she previously found Shipp properly provided the implied consent advisory to Suelzle, and she stated her finding was based on Shipp's testimony that he read Suelzle the implied consent advisory, as well as prima facie evidence in the report and notice, which showed the language used for the implied consent advisory. The hearing officer found there was no other evidence about the language used and no additional findings would be made. The hearing officer concluded Suelzle waived any argument about the implied consent advisory because he did not raise the issue in the administrative hearing or include it in his specification of errors on appeal. The hearing officer further concluded the holding in *Vigen* does not apply to refusal cases.

[¶11] Suelzle requested the district court order the matter be reheard to allow the presentation of additional evidence. The Department opposed the motion. The district court denied Suelzle's request for rehearing and affirmed the hearing officer's decision revoking Suelzle's driving privileges. The court concluded the prima facie evidence submitted showed the implied consent advisory language at issue in *Vigen* was read to Suelzle, the implied consent was valid, and any other issues were not properly before the court because they were not raised in the specifications of error.

II

[¶12] We review the Department of Transportation's decision to revoke a person's driving privileges under the Administrative Agencies Practice Act,

3

N.D.C.C. ch. 28-32. *See Ebach v. N.D. Dep't of Transp.*, 2019 ND 80, ¶ 8, 924 N.W.2d 105. Our review is limited, and we give deference to the Department's findings. *Whitecalfe v. N.D. Dep't of Transp.*, 2007 ND 32, ¶ 7, 727 N.W.2d 779. "We will only determine whether a reasoning mind reasonably could have concluded the findings were supported by the weight of the evidence from the entire record." *Ebach*, at ¶ 8 (quoting *Mees v. N.D. Dep't of Transp.*, 2013 ND 36, ¶ 9, 827 N.W.2d 345). We affirm the Department's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46; *see also* N.D.C.C. § 28-32-49.

### III

[¶13] Suelzle argues the hearing officer erred by finding that the law enforcement officer had reasonable grounds to believe Suelzle was driving or in actual physical control of a motor vehicle while under the influence in violation of N.D.C.C. § 39-08-01 and that his arrest was lawful. He contends he could not be lawfully arrested under N.D.C.C. § 39-08-01 because the alleged actual physical control occurred on the grassy yard of his private residence, which is an improved private residential lot and is not a place to which the public has access.

4

[¶14] Section 39-08-01, N.D.C.C., states, "A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state . . . ." We have held the offenses of driving or being in actual physical control under N.D.C.C. § 39-08-01 extend to acts that occur on private property, such as private driveways, if the property is a "private area[] to which the public has a right of access for vehicular use." *State v. Mayland*, 2017 ND 244, ¶¶ 12-13, 902 N.W.2d 762. As we explained in *Mayland*, the meaning of "public . . . right of access" in § 39-08-01 is not the same as an easement:

> [T]o the extent the parking lot is open to the general public for use in patronizing the business of the owner or that a private driveway or farmyard is open to the general public for purposes of visiting, making deliveries, or otherwise interacting with the owner of the private driveway, our cases illustrate this meaning of a "public . . . right of access."

*Id.* at ¶ 13. Whether property is a private area to which the public has a right of access is a question of fact. *Id.* at ¶ 14. "The factual question may be determined by such factors as the existence or absence of signs, gates, or barriers, whether or not there is routine use by the public not specifically invited to use the property, or the location of the vehicle on the property." *Id.* "[O]ur cases have interpreted 'private areas to which the public has a right of access' to include private parking lots, farmyards, unimproved private residential lots, and ditches." *Id.* at ¶ 13.

[¶15] The hearing officer rejected Suelzle's argument that his vehicle was located on private property to which the officer could have no reasonable grounds to believe the public would have a right of access for vehicular use. Sergeant Shipp testified the pickup was parked on the lawn beyond the gravel driveway.

> MR. BECHER: . . . Does that look to you to be the place where the pickup truck was parked when you arrived?
> SERGEANT SHIPP: Yes.
> MR. BECHER: Okay. And is that fair to say that it's parked on the lawn of the property?

5

SERGEANT SHIPP: Yes, it is.

MR. BECHER: Okay, and is the lawn of that property, is that a … is that a public area or somewhere that the public would have access to?

SERGEANT SHIPP: It's directly in front of the driveway.

MR. BECHER: Okay. But it's not on the driveway, correct?

SERGEANT SHIPP: No, it's not on the driveway, it's on the lawn.

. . . .

SERGEANT SHIPP: The … the road goes down to where his house is at.

MR. BECHER: But it's not on that driveway regard … so regardless of whether that pub … that driveway can be accessed or not by the public, it's not on the … it's not on the driveway, that's the testimony correct and that's what's reflected in the photos?

SERGEANT SHIPP: Correct. It appears to be on the lawn, that's right.

[¶16] The State argues there is some evidence suggesting Suelzle's vehicle was in an area accessible to the public by pointing to Shipp's testimony that, although Suelzle's vehicle was "parked on the lawn," "you can drive right to where the truck is at." This argument would expand the meaning of "right of access for vehicular use" that we articulated in *Mayland* to include any private property without regard to whether the owner holds it "open to the general public for purposes of visiting, making deliveries, or otherwise interacting with the owner." *Mayland*, 2017 ND 244, ¶ 13.

[¶17] The hearing officer did not apply *Mayland*, but cited only *Wiederholt v. N.D. Dep't of Transp.*, 462 N.W.2d 445, 451 (N.D. 1990), and *State v. Novak*, 338 N.W.2d 637, 640 (N.D. 1983). We explained in *Mayland* that the statute does not reach all private property. *Mayland,* 2017 ND 244, ¶¶ 13-14. To the extent that *Novak*, *Wiederholt*, or *Fetzer v. Dir., N.D. Dep't of Transp.*, 474 N.W.2d 71 (N.D. 1991), interpreted N.D.C.C. § 39-08-01 to reach all private property without regard to whether there is a public right of access to that property for vehicular use as we described in *Mayland*, they are overruled. The hearing officer did not consider the factors we described in *Mayland* relating to whether the public has a right of access in the sense of visitors and other uninvited guests making routine use of Suelzle's grass lawn for driving or

parking. Although there is evidence in the record that Suelzle drove under the influence on areas where the public has a right of access before parking on his lawn, he was not charged with driving under the influence. He was charged only with actual physical control of his pickup where it was ultimately parked on his residential grass lawn. The hearing officer's finding is based on a misapplication of law, and it is not supported by evidence in the record sufficient to show the location of the actual physical control offense was within the scope of N.D.C.C. § 39-08-01.

IV

[¶18] We reverse the district court's judgment affirming the hearing officer's revocation of Suelzle's driving privileges.

[¶19]   Jerod E. Tufte
        Daniel J. Crothers
        Jon J. Jensen, C.J.

**VandeWalle, Justice, dissenting.**

[¶20] I respectfully dissent. I believe the hearing officer's finding that Suelzle was lawfully arrested for actual physical control is supported by a preponderance of the evidence and is consistent with our prior case law.

[¶21] This Court recently said not all private property may be presumed to be subject to a right to public access for vehicular use, but our cases have interpreted "'private areas to which the public has a right of access' to include private parking lots, farmyards, unimproved private residential lots, and ditches." *State v. Mayland*, 2017 ND 244, ¶ 13, 902 N.W.2d 762. We explained, "to the extent . . . a private driveway or farmyard is open to the general public for purposes of visiting, making deliveries, or otherwise interacting with the owner of the private driveway, our cases illustrate this meaning of a 'public . . . right of access.'" *Id.* Whether the location is a private area to which the public has a right to access "may be determined by such factors as the existence or absence of signs, gates, or barriers, whether or not there is routine use by the

public not specifically invited to use the property, or the location of the vehicle on the property." *Id.* at ¶ 14.

[¶22] In *Wiederholt v. Dir., N.D. Dep't of Transp.*, 462 N.W.2d 445, 451 (N.D. 1990), this Court affirmed a hearing officer's finding that an officer had reasonable grounds to believe a driver had committed the offense of being in actual physical control when the officer observed the driver lying passed out in the front seat of the vehicle. The vehicle was located approximately 100 feet from the road in the driver's farmyard. *Id.*

[¶23] In *Fetzer.*, 474 N.W.2d 71, 73 (N.D 1991), the district court reversed the revocation of a driver's license because the driver was located on private property where the public had no right of access for vehicular use when he was arrested. This Court reversed the district court's judgment explaining:

> When Fetzer was arrested, his pickup was sitting on dirt hills in a residential development about 10 to 15 feet from a paved roadway. Fetzer did not own the property upon which he was driving but was simply one of the public at large who used this open area for "doing mud running and running the little hills that were out there." He had been working on home construction in that area and testified that the developers hadn't objected before when people ran their pickups over the dirt hills. Fetzer also testified that although there is no road where he was driving, trucks also drove there for construction purposes.

*Id.* We held the driver's physical control violation occurred on property accessible to the public for vehicular use and the district court erred in reversing the license revocation. *Id.*

[¶24] In *Mayland*, 2017 ND 244, ¶ 1, we affirmed a judgment entered after a jury found the driver guilty of actual physical control. The driver argued he could not be convicted of actual physical control because the offense occurred on a private driveway. *Id.* at ¶ 8. We explained the driver was on a driveway which the jury could conclude was commonly used by the public for deliveries, solicitations, and similar activities; evidence established the driveway was located in front of the house and had direct access to a public road; and the

8

parties did not offer any evidence the driveway had a "no trespassing" or "keep out" sign, a gate, or other barrier. *Id.* at ¶ 14. We held the jury could reasonably conclude the driveway was an area "to which the public has a right of access for vehicular use." *Id.*

[¶25] Here, the hearing officer rejected Suelzle's argument that the vehicle was located on private property to which the public does not have a right of access. There was photographic and testimonial evidence about the location of the vehicle. McKenzie County Sheriff's Deputy Robert Shipp testified the pickup was parked on the lawn directly in front of the gravel driveway. He testified people can drive right to where the vehicle was located and he parked his squad car behind the pickup. Shipp further testified the gravel driveway also provides access to other houses in the area and other individuals have access to the driveway. There was no evidence of any signs, gates, or barriers to the property.

[¶26] The facts in this case are consistent with those in our prior cases in which it was determined that the offense occurred in a private area to which the public has a right of access. "We presume the legislature is aware of judicial construction of a statute, and from its failure to amend a particular statutory provision, we may presume it acquiesces in that construction." *Rodenburg v. Fargo-Moorhead Young Men's Christian Ass'n*, 2001 ND 139, ¶ 26, 632 N.W.2d 407 (quoting *Johnson v. Johnson*, 527 N.W.2d 663, 666 (N.D. 1995)). To date the legislature has not amended the statutory language this Court interpreted in these prior cases and the legislature's failure to amend that language is evidence our interpretation is in accordance with legislative intent. *See Rodenburg*, at ¶ 26. I believe the majority opinion ignores our prior case law. Therefore, I dissent.

[¶27] Gerald W. VandeWalle
 Lisa Fair McEvers

9